IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>FOR THE USE AND BENEFIT OF )<br>WALLACE AND PANCHER )<br>CONSTRUCTION, INC. )<br>   ) <br>   Plaintiff, )<br>   )<br>   v. )<br>   )<br>TRAVELERS CASUALTY AND )<br>SURETY COMPANY OF AMERICA )<br>   )<br>   Defendant/Third-Party )<br>   Plaintiff )<br>   )<br>   v. )<br>   )<br>ARROW WALLACE PANCHER JV, LLC )<br>   )<br>   Third-Party Defendant. ) | 3:12-cv-197-TFM |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is the PLAINTIFFS' MOTION TO STRIKE THIRD-PARTY COMPLAINT PURSUANT TO RULE 14(a)(4) (ECF No. 35) filed by Use-Plaintiff Wallace and Pancher Constructions, Inc. ("WPC") with brief in support (ECF No. 36).[1] Third-Party Defendant Arrow Wallace Pancher JV, LLC ("AWP") filed a response (ECF No. 37) in which it notes that it does not oppose the motion to strike. Defendant/Third-Party Plaintiff Travelers Casualty and Surety Company of America ("Travelers") filed a brief in opposition to the motion (ECF No. 38). WPC filed a supplement to its motion (ECF No. 42); AWP filed a response to the supplement (ECF No. 43). The issues have been fully briefed and well-argued on behalf of the parties. Accordingly, the matter is ripe for disposition.

---

1. The Court notes that the interest of the United States in a Miller Act action is merely nominal and that the use-plaintiff is the real party in interest. *See Empire Enterprises JKB, Inc. v. Union City Contractors, Inc.*, 660 F. Supp. 2d 492, 494 n.1 (W.D. N.Y. 2009).

I.   Background

The federal government solicited competitive bids sometime in 2009 for Phase 1A of the Flight 93 National Memorial Project (the "Project") located in Somerset County, Pennsylvania. On November 6, 2009, the National Park Service awarded Arrow Kinsley Joint Venture ("AKJV") the prime construction contract for the Project. Arrow Enterprises Inc. ("Arrow") was the fifty-one percent (51%) majority owner and managing venturer of AKJV; Kinsley Construction, Inc. ("Kinsley") was its minority owner with a forty-nine percent (49%) interest.[2] Travelers ultimately issued a Payment Bond (the "Bond") to AKJV for the Project in accordance with the requirements of the Miller Act, 40 U.S.C. §3131, *et seq.* AKJV is the principal on the Bond, which had a penal sum of $11,610,026.00.

After the National Park Service named AKJV as the general contractor, a representative member of Arrow first approached Daniel Wallace, President of WPC, in early 2010 about potentially having his company subcontract to perform landscaping work for the Project. A formal arrangement did not emerge from that initial contact. However, the parties spoke again in March of 2010 in which AKJV proposed WPC perform the work based on the terms of a bid submitted by another landscaping company.

Wallace indicated that he was agreeable to the proposal, and AKJV further conditioned a final agreement on two grounds. First, Arrow represented that Section 8(a) of the Small Business Act necessitated for it to create a business entity that it controlled in order to subcontract with AKJV for the landscaping work. Second, AKJV submitted that WPC must

---

2. Apparently, the relationship between Kinsley and Arrow was that of mentor-protégé under a federal program for certain qualified companies to learn how to administer a large federal project. The Federal Regulations and Small Business Administration guidelines that governed the program mandated that Arrow (as the protégé) maintain majority ownership of the joint venture. Kinsley allegedly was still "responsible for providing general project oversight, technical and and management assistance, business development and organizational advice, other administrative assistance and general operational control." ECF No. 38 at 7-8, n.1.

agree to be the minority owner of the new business entity with Arrow acting as the majority owner. WPC ultimately yielded to the conditions and created a new entity which the parties named Arrow Wallace Pancher JV, LLC ("AWP").

On May 19, 2010 AKJV and AWP entered into a written subcontract agreement for the latter to furnish landscaping work for the Project. The subcontract was signed by Arrow's president, Zina Lawson, as "Managing Member of [AWP]." AWP allegedly also entered into an oral agreement with WPC in May of 2010 for WPC to furnish labor, materials and equipment to AWP as a subcontractor for part of the landscaping work that AWP intended to supply to AKJV. According to the Complaint, the oral contract provided that WPC would be paid the reasonable value of the labor, materials, and equipment furnished for the Project, including payment of the actual costs and expenses of the work furnished to AWP.

WPC completed its work on the Project on October 26, 2011. Throughout the process, WPC allegedly furnished labor, materials, and equipment that had a reasonable value of $2,084,525.42 relative to amending fill and topsoil, seeding, mulching, planting, watering, mowing, pruning, rock raking, and installing erosion/sediment controls. WPC nevertheless claims that it has been paid only $525,278.06 and that Travelers owes the remainder. On January 24, 2012, AKJV received written notice of WPC's intent to assert a claim against the Bond for sums due and owing related to its work on the Project. A flurry of lawsuits followed.

AWP first filed a seven-count Complaint on May 8, 2012 in the United States District Court for the Middle District of Pennsylvania at Case Number 12-cv-858 against Travelers, AKJV, and Arrow and Kinsley as partners of AKJV.[3] The Complaint set forth various Miller Act counts, common law contract claims, a Pennsylvania statutory violation, and a reformation

---

3. In the Middle District action, AWP was represented by counsel who now represents WPC, which was not a party in that case. Counsel for Arrow in the Middle District action now represents AWP in this case.

3

request. Travelers, AKJV, and Kinsley sought to dismiss the Complaint, arguing that AWP is the alter ego of Arrow and that AWP could therefore not sue Travelers because Arrow, as a partner of AKJV, is a principal on the Payment Bond. Arrow sought to dismiss the Complaint on similar grounds. AWP voluntarily dismissed its lawsuit brought in the Middle District of Pennsylvania on August 24, 2012.

On September 13, 2012, WPC initiated a lawsuit in the Court of Common Pleas of Somerset County at Case Number 636-Civil-2012 against AKJV, Arrow, and Kinsley. More specifically, WPC asserted claims for breach of fiduciary duty against Arrow, aiding and abetting a breach of a fiduciary duty against Kinsley, civil conspiracy against Arrow and Kinsley, and for breach of contract and unjust enrichment against AKJV. That action is apparently ongoing.

WPC also filed its Complaint in this Court on September 14, 2012, one day after it commenced the state court proceedings. This case was originally filed in the Johnstown Division of the United States District Court for the Western District of Pennsylvania and assigned to the Honorable Kim R. Gibson. The Complaint asserts a Miller Act claim for payment on the oral contract at Count One and an alternative quantum meruit claim at Count Two. On February 12, 2013, Judge Gibson issued an order of recusal, and the case was transferred to the undersigned. A motion to dismiss was still pending at that time.

By Memorandum Opinion dated March 13, 2013, this Court denied Traveler's Rule 12(b)(6) motion to dismiss. (ECF No. 22). Travelers filed its Answer with Affirmative Defenses on March 27, 2013.

Travelers also filed a Third-Party Complaint against AWP on April 4, 2013 in which it avers that AWP is required to indemnify AKJV in accordance with the parties' Subcontract

Agreement and the "Subcontractor Acknowledgment of Progress Payment and Release of Liens and Claims (the 'AWP Releases')" it apparently executed in conjunction with each payment application submitted by AWP for work completed on the Project.. (ECF No. 26). In support, Travelers makes the following representations: (1) "[a]s the surety for the Bond issued for the Project, Travelers possesses any defenses and rights held by AKJV, the principal for the Bond, for claims arising from work performed by subcontractors on the Project;" and (2) "[i]n accordance with the Indemnity Agreement between AKJV and Travelers, AKJV assigned to Travelers the right to pursue any claim against AWP related to Sections 14(a), 14(b) and 14(c) of the Subcontract Agreement and the AWP Releases." *Id.*

AWP filed its Answer with Affirmative Defenses on May 21, 2013. (ECF No. 33). In its Answer, AWP "specifically denie[s] that an oral agreement existed for [ ] work between WPC and AWP." *Id.* AWP did not file any Rule 12 motions or otherwise challenge the Third-Party Complaint.

On June 17, 2013, WPC filed its motion to strike the Third-Party Complaint pursuant to Federal Rule of Civil Procedure 14(a)(4) in which it challenges the Court's subject-matter jurisdiction over Traveler's claim for defense and indemnity. WPC also submits that the third-party practice will unduly complicate this lawsuit and inject issues that will confuse the jury.

Travelers filed its response in opposition on July 3, 2013, arguing that WPC's motion relies upon disputed facts that must be construed in its favor at this stage and that the claims against AWP present a justiciable controversy. AWP filed a response the same day in which it notes that it does not oppose the motion to strike.

WPC supplemented its motion on September 10, 2013 with the August 16, 2013 Memorandum Opinion of Judge David C. Klementik of the Court of Common Pleas of Somerset

County in which he overruled the Defendants' Preliminary Objections to WPC's civil conspiracy, quantum meruit and breach of oral contract claims it filed in the parallel state-court action. WPC notes Judge Klementik's ruling in which he held that Arrow and Kinsley, doing business as AKJV, "admitted in its pleading in the [Middle District] lawsuit that it was an 'insider' and/or "alter ego' or AWP, and now it cannot seek to take an alternative position before [the state court] in order to suit its own needs." (ECF No. 42-1 at 17). According to WPC, that ruling is relevant to this Court "because of the absence of an Article III case or controversy due to AKJV's control of Travelers' litigation in this lawsuit and control of Third-Party Defendant [AWP]—AJKV's alter ego." (ECF No. 42 at 2).

AWP objects to the position of WPC as inconsistent with the court records in the Middle District of Pennsylvania and Somerset County. AWP argues that there was never a judicial admission by Arrow, AWP, or AKJV in the Middle District because the position regarding alter ego status was only set forth by Travelers and Kinsley.[4] AWP also argues that the allegation of WPC in the Somerset County action regarding alter ego status were never admitted by Arrow in a pleading or brief but rather denied at oral argument held on the preliminary objections. Likewise, AWP notes that the legal standard in resolving the preliminary objections required Judge Klementik to accept as true all matters averred by WPC.

With this background in mind, the Court turns to the governing legal standard for the pending motion.

---

[4]. The Court notes that Arrow filed a Motion to Dismiss in the Middle District action in which AWP's counsel was one of its two attorneys of record. *See U.S. ex rel. Arrow Wallace Pacher JV, LLC v. Travelers Cas. And Sur. Co. of America*, 1:12-cv-00858-JEJ, ECF Nos. 22 (M.D. Pa. Aug. 13, 2012). In its Brief in Support, Arrow argued that the "requisite adversity between these parties does not exist" because "Arrow maintains ownership and control over [ ] AWP." *Id.* at ECF No. 27 at 6-7. AWP also repeatedly makes the assertion that Arrow was not a party in the Middle District action, but that it submitted a brief on behalf of AKJV. However, AKJV was represented by counsel who also represented AKJV and Travelers, and it was not represented by Arrow's attorney.

## II. Standard of Review

Federal Rule of Civil Procedure 14 provides, in relevant part, that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). "Although Rule 14(a) has never expressly provided for a motion to dismiss third-party claims, the federal courts have entertained both motions to dismiss and to strike and have not drawn distinctions between them." 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, Federal Practice and Procedure § 1460 (3d ed. 2010).

A motion to dismiss pursuant to Rule 12(b)(1) contends that the district court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Such a motion questions the court's "very power to hear the case" and is considered either "facial," that is, one which attacks the complaint on its face, or "factual," one which attacks subject matter jurisdiction as a matter of fact. *Mortensen v. First. Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *see also Petruska v. Gannon Univ.,* 462 F.3d 294, 302, n.3 (3d Cir. 2006), *cert. denied,* 550 U.S. 903 (2007).

"Facial attacks . . . contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Common Cause v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (*quoting Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)). The court's review is limited to "the allegations on the face of the complaint . . . and any documents referenced in the complaint, viewed in the light most favorable to the plaintiff." *Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 Fed. Appx. 285, 288 (3d Cir. 2008) (citing *Mortensen*, 549 F.2d at 891, and *Turicentro, S.A. v. Am. Airlines, Inc.*, 303 F.3d 293, 300 (3d Cir. 2002)). A complaint under facial attack may be properly dismissed "only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining

jurisdiction or . . . is wholly insubstantial and frivolous.'" *Kehr Packages v. Fidelcor, Inc*., 926 F.2d 1406, 1408–09 (3d Cir. 1991) *(quoting Bell v. Hood*, 327 U.S. 678, 682 (1946)); *see also Iwanowa v. Ford Motor Co*., 67 F. Supp. 2d 424, 438 (D.N.J. 1999) (noting that such a complaint should be dismissed "only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction.").

By comparison, "a factual challenge contends that a substantive defect prevents the court from having subject-matter jurisdiction over a dispute, regardless of what allegations are made in the complaint." *U.S. Airline Pilots Ass'n v. U.S. Airways, Inc.*, 2:13-CV-0627, 2013 WL 5466838, at *2 (W.D. Pa. Sept. 30, 2013) (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). Similarly, "if the attack is factual, no presumptive truthfulness attaches to the complaint's allegations and the court is free to weigh the evidence, including evidence outside of the complaint, to determine whether it has the inherent power to hear the case." *Id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

### III. Discussion

Article III of the United States Constitution "limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. CONST. ART. III, § 2). "This limitation is essential to our system of separated powers." *Id.* (citations omitted).

Because of the "case or controversy" requirement in Article III, "federal courts will not entertain friendly suits, or those which are feigned or collusive in nature." *Flast v. Cohen*, 392 U.S. 83, 100 (1953). Our Constitution instead demands an "honest and actual antagonistic assertion of rights." *United States v. Johnson*, 319 U.S. 302, 305 (1943) (citation omitted). "[I]f two litigants commence a suit with the same goals in mind, no controversy exists to give the

district court jurisdiction." *Carlough v. Amchem Products, Inc.*, 834 F. Supp. 1437, 1462 (E.D. Pa. 1993) (citations omitted).

WPC submits that the Third-Party Complaint against AWP does not involve a justiciable case or controversy under Article III over which this Court may exercise subject-matter jurisdiction, although it fails to specify whether its attack is facial or factual. Nonetheless, WPC's first alleges that the position taken by Travelers, AKJV, Arrow, and Kinsley in the Middle District—Arrow's "ability to control" both AKJV and AWP by virtue of its fifty-one percent (51%) majority ownership in both entities vitiated the requisite adversity for the case-or-controversy requirement of Article III—should equally apply here to defeat jurisdiction. Put differently, WPC argues that an actual case or controversy cannot exist where Arrow controls both the plaintiff and the defendant in the Third-Party litigation. WPC also alleges that AKJV and Travelers attempt to evade this jurisdictional issue by averring that AKJV "assigned" Travelers its contractual claim for defense and indemnity against AWP. From WPC's perspective, even if Travelers was assigned the indemnification claim, it still does not create an actual Article III controversy because Travelers is essentially a nominal party which is controlled by AKJV. Further, WPC submits that Arrow is similarly controlling AWP's defense against the claim AKJV "assigned" to Travelers. Thus, as WPC concludes, "AKJV and its majority and managing owner Arrow, completely control the Third-Party action between Travelers and AWP and pay the attorney fees/expenses of both litigants.

In response, Travelers states that WPC's entire motion and the underpinnings of all of the arguments described above rest on disputed facts. For example, Travelers highlights that "[t]here is completely no evidence to support WPC's claim that Arrow is somehow controlling Travelers' defense of the bond claim, and to the contrary, such allegation is completely untrue."

9

Likewise, Travelers notes that "there is no evidence to support the contention that AKJV will be the one to pay any damages awarded to WPC." Travelers rebuts those positions by outlining that the indemnity agreement it signed with AKJV provides that Arrow and Kinsley have unlimited joint and several liability. Travelers similarly attaches an affidavit of Kinsley's general counsel in which she swears that Kinsley, and not Arrow, is controlling the litigation efforts of Travelers and is paying for its defense. Moreover, Travelers notes that the joint venture agreement ("JVA") between Kinsley and Arrow provides that if a party becomes insolvent or fails to perform its obligations under the JVA then the other party will control the joint venture. There are apparently factual issues as to whether Arrow is in default of the JVA. Accordingly, Travelers requests that the motion be denied as premature.

The Court will deny the motion to strike without prejudice. At this juncture, there are too many factual disputes for a meaningful determination on whether the alleged ability of AKJV, Arrow, and/or Kinsley to control multiple entities deprives the Court of its power to hear the Third-Party action. The Court is also unable to ascertain whether the "assignment" of the defense and indemnification to Travelers is immaterial because AKJV is the real party-in-interest and/or whether Arrow as "majority and managing owner" of AKJV and AWP exercises any or all control over multiple entities in the Third Party action and/or whether there was in fact collusion between Travelers/AKJV/AWP to the detriment of WPC, which would certainly give the Court pause. WPC may, of course, reprise its request after the benefit of discovery if it so chooses. The Court will not, however, strike the Third-Party Complaint at this time.

The parties also dispute WPC's request that the Court should sever the Third-Party litigation from the underlying lawsuit. The Court will likewise deny this request without prejudice. AWP's obligation (if any) to indemnify Travelers is dependent in part on a finding of

liability and an assessment of damages on behalf of the Defendant/Third-Party Plaintiff. There is not a compelling reason at this time to separate the Third-Party action and transform the indemnity matter into an independent/separate lawsuit when the issues are so interrelated. The Court may revisit this matter should it deem that separate trials may be necessary. Accordingly, the request to strike and/or sever the Third-Party Complaint will be denied at this time.

### IV. Conclusion

For the reasons hereinabove stated, the Court will deny the pending motion without prejudice. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF WALLACE AND PANCHER CONSTRUCTION, INC. | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | 3:12-cv-197-TFM |
| v. | ) ) | |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | ) ) ) | |
| Defendant/Third-Party Plaintiff | ) ) ) | |
| v. | ) ) | |
| ARROW WALLACE PANCHER JV, LLC | ) ) | |
| Third-Party Defendant. | ) | |

## ORDER OF COURT

AND NOW, this 31st day of October 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the PLAINTIFFS' MOTION TO STRIKE THIRD-PARTY COMPLAINT PURSUANT TO RULE 14(a)(4) (ECF No. 35) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all deadlines set forth in the Court's May 22, 2013 Case Management/Scheduling Order regarding fact and expert discovery are hereby extended for sixty (60) days and that the Post-Discovery Status Conference scheduled on November 6, 2013 is hereby **CONTINUED** until Thursday, January 23, 2014 at 10:30 am in Courtroom 6C, United States Courthouse, 700 Grant Street, Pittsburgh, PA 15219.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: James D. Miller
Email: jmiller@babstcalland.com
Kurt F. Fernsler
Email: kfernsler@bccz.com

Jonathan H. Rudd
Email: jrudd@mwn.com

Stephen L. Grose
Email: sgrose@ssr-attorneys.com